Merriam *v*. Dunham.

---

ANNA MERRIAM

*v.*

GEORGE W. DUNHAM et al.

[Filed October 24th, 1901.]

1. Where land is sold under an order of the court under the statute authorizing the sale of land limited over to infants, the fund arising from such a sale is to be regarded as real estate.

2. Where a testator devises all his real estate to two children during their natural lives and after their decease to their lawful issue in fee-simple, the children of each to take their parent's share, and, if one die without issue and the other leave issue, then all the estate to go to such issue after the death of the survivor by force of the statute, the devise creates a tenancy in common with a limitation over to the issue of each of an undivided one-half.

3. Testator gave his real estate for life to his two children, and after their decease to their lawful issue, the children of each to take their parent's share; and provided that his wife and two children should occupy his farm, and share equally in its profits, one-third each. On the death of the widow and one of the children, the surviving child of the deceased child petitioned to have paid to him one-half of the fund arising from a sale of all the testator's real estate, the sale having been made under the statute authorizing the sale of lands limited over to infants.—Held, that a contention by the surviving sister that the property should be kept in bulk until her death because of the provision as to the farm was without merit, the widow being dead, and the property having been sold and trans-muted into money.

4. On the death of one of the daughters leaving issue, the fact that the remaining daughter might die without issue was no obstacle to a distribu-tion to the issue of the deceased daughter of one-half of the fund arising from a sale of the real estate, since the right of the issue of the deceased daughter was fixed by her death.

*Mr. John Rellstab,* for the petitioner.

*Mr. Richard S. Kuhl,* for the defendants.

REED, V. C.

Leonard C. Cool left a will, giving to his two daughters, Anna Cool and Mary S. Cool, all his personal property and real estate, subject to certain charges and restrictions,

"to have and to hold to them during their and each of their natural lives, and after their decease to their lawful issue in fee-simple; the children of each taking their parents' share, and if one should die without issue and the other leave lawful issue, then all his estate to go to such issue after the death of the survivor."

The testator then directed as follows:

"It is my will that my wife, Catharine, and my two children, Anna Cool and Mary S. Cool, should occupy my farm, and to share equally out of the produce and proceeds thereof, each to them an equal undivided one-third part of all the surplus earnings and proceeds of said farm, during each of their natural lives."

The widow is dead and the estate is freed from all the charges and restrictions mentioned in the will. The real estate has been sold, by an order of the court of chancery, under the "Act to authorize the sale of lands limited over to infants," and the sum of $12,810.58, the fruits of such sale, has been invested by this court.

Anna Johnston (*nee* Cool), one of the devisees, is dead, leaving John K. Johnston, Jr., her only surviving child. John K. Johnston, Jr., now petitions to have the one-half of this fund paid to him. There is no doubt at all that the gift or devise to the two daughters was to them as tenants in common for life, and after the death of each leaving issue, a moiety went to such issue. The fund in question is the product of the sale of the real estate, not made by the order of the testator, but by judicial proceedings, and so the fund is to be still regarded as realty. There is nothing in the devise to show an intention to create a joint tenancy; therefore, by force of our statute, the devise created a tenancy in common, with a limitation over to the issue of each of an undivided one-half. This result is directly within the ruling in *Stoutenburgh* v. *Moore, 10 Stew. Eq. 63.*

But it is insisted by the solicitor for the other sister that the property is to be kept in bulk until the death of both, because the will directed that the farm, from the sale of which this fund arose, was to be occupied by the widow and the two daughters, and also the surplus earnings and proceeds of it should be shared equally by them during each of their natural lives.

The literal performance of this direction would be impossible if the farm was still unsold, for the widow is dead, and it is therefore impossible for the three to occupy. It is equally aside from the intention of the testator that after her death one-third of the surplus earnings only should be paid to the surviving children.

But, apart from this, the property has been sold, by a regular proceeding, taken under a statute of this state, and been transmuted into money. The surviving sister can receive no more than her share of the product of this fund. The intention of the testator that the farm should exist as a home until the death of the last of the three devisees mentioned, if it existed, has become impossible of execution, and this intention is the only argument

that can be raised against the right of the issue of the deceased daughter to a division of the fund.

The fact that the remaining daughter may die without issue interposes no obstacle to this action, for the right of the issue of the deceased daughter was fixed by her death leaving issue. The direction to be taken by the other half will depend upon her death with or without issue.

I think the prayer of the petition should be granted.