The proceeds of land taken in condemnation were paid into court and are about to be withdrawn. The property was conveyed by Ella Oldfield and husband to Annie Rodgers "in trust for John Rodgers" her infant son, August 18th, 1921. Mrs. Rodgers conveyed to William L. Corbitt July 1st, 1922, he to Ella Oldfield in October, 1922, and Ella Oldfield and husband to William L. Baldwin, August 1st, 1926. Charles Hill claims a life estate under a memorandum in writing made by Mrs. Oldfield, unacknowledged, in which her husband did not join. John Rodgers, Baldwin and Hill are the claimants to the fund.
The words in the premise of the deed to Mrs. Rodgers "in trust for John Rodgers," though the grant, use and habendum be to her, her heirs and assigns forever, impose upon the legal estate a simple trust, equitable in nature, to convey to the son or to his appointee. Polkowitz v. Nash, 87 N.J. Eq. *Page 61 489. The grantee of the trustee took nothing in derogation of the right of the cestui que trust.
The principal contest centered in an attack upon the validity of the deed from Mrs. Oldfield to Annie Rodgers "in trust for John Rodgers." Baldwin claims it was executed in blank and filled in after delivery, and is nugatory. This is not established by any convincing proof, and the presumption of regularity of execution and delivery is supplemented by evidence. But assuming it to be void for the reason asserted, how can that help Baldwin's position? He holds under the deed he seeks to destroy. His claim falls if the deed fails. Mrs. Oldfield, the grantor of Mrs. Rodgers, makes no claim, and, indeed, she is estopped because she acknowledged the validity of the challenged deed in the recital of the conveyance to her by Corbitt, who took from Mrs. Rodgers, and she took herself out of the picture by conveying to Baldwin. Hill is in no better position than Baldwin. The fund will be ordered paid to the guardian of John Rodgers.